Melvin THAMES and Wife, Joann Thames, Appellants,

v.

Robert A. DENNISON, M.D., and Medical Park Orthopaedic Clinic Associated, Appellees.

No. 3-90-274-CV.

Court of Appeals of Texas, Austin.

Dec. 11, 1991.

Rehearing Overruled Jan. 15, 1992.

Brenda J. Bishop, Bishop & Brazil, Houston, for appellants.

Richard E. Gray, III, Roger Moore, Hollis Hudson, Gray & Becker, P.C., Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

CARROLL, Chief Justice.

This is a malpractice suit involving an alleged negligent surgical operation. Defendants moved for summary judgment on the basis that the claim is barred by a two-year statute of limitations. *See* Tex.Rev. Civ.Stat.Ann. art. 4590i, § 10.01 (Supp. 1991). The trial court rendered a take-nothing summary judgment, and Thames now appeals. We will affirm the trial court judgment.

## BACKGROUND

Melvin Thames, joined by his wife, brought a medical malpractice suit against Dr. Robert Dennison, Medical Park Orthopaedic Clinic, and Seton Hospital, because of Dr. Dennison's alleged negligence in performing surgery on Melvin Thames. The summary judgment record indicates that on May 14, 1979, Dr. Dennison performed a tibial osteotomy on Thames's left knee. The surgical procedure was designed to alleviate arthritis pain in the knee by removal of a small portion of bone. Thames was discharged from the hospital on May 18, 1979.

Thames made post-surgical visits to Dr. Dennison on September 13, 1979 and December 11, 1979. On these occasions, Thames complained of leg pain and expressed concern that after the surgery one of his legs seemed shorter than the other. During the September 1979 visit, Dr. Dennison measured both legs and confirmed that Thames's left leg is approximately seven-eighths of an inch shorter than the right leg, but indicated that the difference in the lengths did not result from the recent surgery.

After the December 1979 appointment, Thames did not see Dr. Dennison again until he visited the doctor's office in February and March of 1987. At that time, Thames complained of hip and back pain, and requested that Dr. Dennison measure his legs once again. Dr. Dennison again took the measurements and confirmed the disparity in the lengths of Thames's legs.

In April of 1987, Thames saw a new physician who informed Thames that the shortness of his leg was due to Dr. Dennison's negligence in performing the tibial osteotomy.

On December 21, 1988, Thames filed a medical malpractice suit against Dr. Dennison, Medical Park Orthopaedic Clinic Associated, and Seton Hospital, alleging that Dr. Dennison was negligent in the manner in which he performed the tibial osteotomy on Thames. Dr. Dennison and Medical Park Orthopaedic Clinic Associated [1] denied all the allegations of negligence and moved for summary judgment on the basis that the two-year statute of limitations set forth in the Texas Medical Liability and Insurance Improvement Act bars this malpractice claim. *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Supp.1991). The trial court granted this summary judgment motion, and Thames now appeals.

## DISCUSSION

I. Standard of Review.

To be entitled to a summary judgment, the movant must show that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. In reviewing a summary judgment, the appeals court must consider as true all evidence favorable to the non-movant, and indulge every reasonable inference and resolve any doubt in favor of the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When a defendant in a medical malpractice case moves for summary judgment on the basis of the running of limitations, the defendant assumes the burden of showing as a matter of law that the suit is barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). If the defendant conclusively establishes the defense of limitations and the plaintiff resists the summary judgment by asserting the affirmative defense of fraudulent concealment, the plaintiff must then produce evi-

---

1. The trial court rendered a separate summary judgment in favor of Seton Hospital. Thus, the hospital is not a party to this appeal.

dence which raises a fact issue with respect to the fraudulent concealment. *Nichols v. Smith,* 507 S.W.2d 518, 521 (Tex.1974).

Thames asserts on appeal that the trial court erred in granting summary judgment because there exist numerous genuine issues of material fact. We have reviewed appellant's claimed issues of fact and we believe that only two such issues affect the disposition of this case: (1) whether Thames's last date of treatment brings this lawsuit within the statute of limitations, and (2) whether Dr. Dennison fraudulently concealed his alleged negligence from Melvin Thames.

## II. Statute of Limitations.

Thames contends that there is a genuine issue of fact concerning his last date of treatment and that he did in fact bring this lawsuit within the two year statute of limitations. Consequently, Thames asserts that defendants were not entitled to summary judgment as a matter of law.

The Texas Medical Liability and Insurance Improvement Act (the "Act") provides for the following statute of limitations:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Supp.1991).

In *Kimball v. Brothers,* 741 S.W.2d 370 (Tex.1987), the Texas Supreme Court strictly construed the Act as providing an absolute two-year period of limitations and clarified when to apply each of the statute's three limitations-triggering events. The *Kimball* court stressed that under this three-date scheme, when it is possible to ascertain the precise date of the specific breach or tort from the facts of the case, the limitations period runs from the date of that breach or tort. *Id.* at 372.

■ In this case, Thames alleges that Dr. Dennison damaged him by negligently performing the tibial osteotomy, thereby causing one of his legs to become shorter than the other. This operation indisputably occurred on March 14, 1979, and under section 10.01, the statute of limitations began to run on that date. The cause of action for the surgery is clearly barred in this case.

In an attempt to circumvent the bar to his claim, Thames asserts that his two visits to Dr. Dennison in 1987 were follow-up treatments for the tibial osteotomy performed in 1979, and therefore the limitations period should begin to run on the last date of treatment, March 31, 1987. Defendants rejoin that Dr. Dennison's last contact with Thames regarding any leg problems occurred on that second post-operative visit in December 1979, and that Thames made the 1987 visits to Dr. Dennison because of hip pain. We cannot agree with Thames for several reasons.

■ First, *Kimball* clarifies that the section 10.01 provision permitting the limitations period to run from "the date the medical or health care treatment that is the subject of the claim ... is completed" is limited to situations where the patient's injury occurs during the course of treatment for a particular condition and the last treatment date is the only readily ascertainable date. *Kimball,* 741 S.W.2d at 372. These situations generally arise in suits alleging misdiagnosis or mistreatment. *Id.* Here, Dr. Dennison harmed Thames, if at all, on the date he performed the surgery that allegedly shortened Thames's leg. It is therefore incorrect to apply the date that the treatment was completed as the trigger point for the statute of limitations in this case.

■ Second, we find untenable Thames's apparent argument that Dr. Dennison continued to provide post-operative treatment for the 1979 knee surgery until March 1987. Most notably, the record reveals that Thames had no contact with Dr. Dennison between December 1979 and February 1987. Moreover, the record indicates that Thames made the 1987 visits because he was experiencing hip and back pain. Although Dr. Dennison remeasured

Thames's legs in 1987 at Thames's request, Dr. Dennison diagnosed Thames as suffering from bursitis of the hip at that time. Finally, Thames makes no allegations that the treatment received in 1987 contributed to his leg injuries. Even if we construe Dr. Dennison's alleged negligence to include the follow-up care for the surgery, it is clear in the present case that the care ended on December 11, 1979, when Thames made his second and final post-operative visit to Dr. Dennison. We agree with the trial court that as a matter of law, Thames failed to file this suit within the applicable statute of limitations.

### III. Fraudulent Concealment.

Because we conclude that the Thames did not file suit within the appropriate limitations period, we must uphold the summary judgment unless the record reveals a fact issue with regard to fraudulent concealment. Fraudulent concealment is an equitable doctrine that, when properly invoked, estops a defendant from relying on the statute of limitations as an affirmative defense to a medical malpractice claim. *Borderlon v. Peck,* 661 S.W.2d 907 (Tex. 1983). Where a plaintiff resists the summary judgment by asserting the affirmative defense of fraudulent concealment, the burden rests with the plaintiff to produce evidence that raises a fact issue regarding the fraudulent concealment. *Nichols,* 507 S.W.2d at 521.

Thames argues that Dr. Dennison fraudulently concealed his negligence regarding the knee surgery until Thames changed physicians in April 1987. To support his allegation of fraudulent concealment, Thames offers as proof the fact that on two occasions, September 1979 and March 1987, Dr. Dennison measured Thames's legs and informed him that one was shorter than the other. Thames further alleges that on both occasions Dr. Dennison stated that the tibial osteotomy did not lead to the leg shortness. Dr. Dennison does not dispute that he took the measurements or made these statements.

The Texas courts recognize that within a patient-physician relationship, a physician owes a duty to disclose a negligent act or a fact that an injury occurred. *Borderlon,* 661 S.W.2d at 908. Failure to make these disclosures constitutes fraudulent concealment which prevents the wrongdoer from using limitations as a shield to perpetuate further fraud. *Id.* However, as the court stated in *Borderlon:*

> The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of the concealed cause of action. *Knowledge of such facts is in law equivalent to knowledge of the cause of action.*

*Id.* at 909. (Emphasis added).

While we acknowledge that there may be a fact question concerning whether the leg surgery created the shortness in Thames's leg, we cannot agree that the record raises a fact issue with regard to fraudulent concealment. There is no question Thames was aware that his left leg was shorter than his right leg as early as September 13, 1979, when he presented himself to Dr. Dennison complaining of that fact. Dr. Dennison did not deny that one leg was considerably shorter than the other, nor did he assure Thames that the condition would improve. This knowledge alone would, as a matter of law, put Thames on inquiry and end any alleged fraudulent concealment.

Moreover, fraudulent concealment is a defense which flows from the patient-physician relationship. *Borderlon,* 661 S.W.2d at 908. When the relationship ends, the duty to disclose, which is the basis of fraudulent concealment, ceases to exist. *Id.* at 910 (Barrow, J., dissenting); *Rhodes v. McCarron,* 763 S.W.2d 518, 524 (Tex.App.1988, writ denied). The patient-physician relationship between Thames and Dr. Dennison ended in December 1979, and not until almost eight years later did Thames return to Dr. Dennison for two visits. Thames makes no allegations that he attempted to make appointments with Dr. Dennison or in any way contact Dr. Dennison during the eight-year interim.

Thames cannot assert now that fraudulent concealment estops defendants from relying on a statute of limitations that ran during the period when no patient-physician relationship existed between Thames and Dr. Dennison.

Thames had the burden of coming forward with proof raising an issue of fact regarding fraudulent concealment. Since he failed to do so, his allegations of fraudulent concealment do not defeat defendants' right to summary judgment. *Nichols,* 507 S.W.2d at 521.

## CONCLUSION

The trial court correctly found that appellant's cause was barred by the two-year statute of limitations. Because the record establishes no issue of genuine fact with regard to fraudulent concealment, Thames did not defeat defendants' right to a summary judgment. Accordingly, we will affirm the trial court judgment.