Lee B. WILLINGHAM, Appellant,

v.

A. Lee SCHLICHTEMEIER, M.D. and Patrick R. Thomas, M.D., Appellees.

No. 11–92–099–CV.

Court of Appeals of Texas, Eastland.

Oct. 21, 1993.

Rehearing Denied Nov. 18, 1993.

Thomas B. McClain, Kerry L. Russell, Woody Roark, Law Offices of Woodrow M. Roark, Tyler, for appellant.

Michael E. Starr, John H. Minton, Potter, Guinn, Minton, Roberts & Davis, Tyler, Ken C. Cunningham, Evelyn R. Lepold, Cantey & Hanger, Fort Worth, Joel J. Steed, Dallas, for appellees.

## OPINION

McCLOUD, Chief Justice.

This is a medical malpractice case. Plaintiff, Lee B. Willingham, sued defendants, Dr. A. Lee Schlichtemeier and Dr. Patrick R. Thomas, contending, among other things, that the doctors negligently failed to tell plaintiff that she had received radiation burns as a result of radiation treatment. The trial court instructed a verdict for both doctors on all claims asserted by plaintiff when the plaintiff rested her case. We reverse and remand for trial.

Dr. Thomas, a general surgeon, performed a hemorrhoidectomy on plaintiff on August 29, 1983. A pathological examination of the excised tissue revealed the presence of a malignant tumor. Plaintiff was diagnosed as having "cloacogenic carcinoma of the anal canal." Dr. Thomas advised plaintiff that she had two options in treating the cancer. The first option consisted of an abdominoperineal resection which would result in a permanent colostomy. The second option involved radiation therapy. Plaintiff advised Dr. Thomas that she would not have the abdominoperineal resection.

Dr. Thomas referred plaintiff to Dr. Schlichtemeier, a radiologist. Plaintiff elected to undergo radiation treatments after talking with Dr. Schlichtemeier. Plaintiff received her first radiation treatment on September 30, 1983. The radiation treatments concluded in December of 1983. Plaintiff continued to experience pain and bleeding following the operation and radiation treatments. In November of 1984, plaintiff was experiencing internal bleeding, sloughing off of tissue through the rectum, and severe cramps. Dr. Thomas performed surgery on plaintiff for an anal fissure on January 7, 1985. On January 18, 1985, Dr. Thomas performed a "sigmoid colostomy" on plaintiff. The purpose of the colostomy was to temporarily divert the fecal stream away from the rectum in order to enhance plaintiff's recovery.

The record reveals that in January of 1985 both doctors were aware that plaintiff's problems were caused by radiation burns which resulted from the radiation treatments. There is evidence that Dr. Schlichtemeier told plaintiff that her problems were caused by radiation burns. However, plaintiff testified that neither doctor told her that she had sustained radiation burns and that she was unaware that her condition was the result of radiation treatments until July 22, 1985, when she was treated by Dr. Arthur Boddie of the M.D. Anderson Hospital and Tumor Institute.

Plaintiff raises two points on appeal. She urges, in her first point of error, that the trial court erred in granting Dr. Thomas' motion for instructed verdict and, in her second point of error, that the court erred in granting Dr. Schlichtemeier's motion for instructed verdict. The proper standard of review in an instructed verdict case is stated in *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978):

> The task of an appellate court in such a case is to determine whether there is any evidence of probative force to raise fact issues on the material questions presented. The court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed, discarding all contrary evidence and inferences. When reasonable minds may differ as to the truth of controlling facts, the issue must go to the jury. (Citations omitted)

In their motions for instructed verdict, both doctors asserted that plaintiff's claims were barred by limitations and that plaintiff failed to present sufficient evidence of essential elements of her claims. The Medical Liability and Insurance Improvement Act provides the following statute of limitations for health care liability claims:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamph.Supp.1993).

Plaintiff gave written notice of her claims to both doctors on June 12, 1987.[1] Under the two-year statute of limitations contained in Article 4590i, section 10.01, the critical date for determining whether plaintiff's claims are barred by limitations is June 12, 1985.

■ Plaintiff alleged that defendants failed to apprise her of the cause of her suffering while they treated her for radiation burns from January 1985 to August 1985. During that time, plaintiff's condition continued to deteriorate, and she testified that she would have sought treatment from other sources had she known that her condition resulted from radiation burns. She testified that she was "begging someone to tell" her what was wrong with her. There was evidence that plaintiff's rectum and approximately 15 inches of her intestine were damaged as a result of the radiation burns. There is evidence that the conservative external treatment received by plaintiff did not lessen the pain in plaintiff's rectum or stomach. When he examined plaintiff on July 22, 1985, and told her that she had sustained radiation burns, Dr. Boddie prescribed "steroid enemas." Plaintiff testified that the steroid enemas relieved the pain in her stomach.

Dr. John Emmert testified that it would be the normal standard of medical care for a doctor to tell a patient about radiation burns.

We hold that the plaintiff presented sufficient evidence to raise a fact issue regarding defendants' alleged negligent failure to tell her that she was suffering from radiation burns. We also hold that the evidence raised an issue of fact as to whether the defendants' negligence was a proximate cause of some of plaintiff's pain and suffering.

■ Regarding the limitations question, plaintiff testified that she saw Dr. Thomas on June 14, 1985. Dr. Thomas testified by deposition that plaintiff's last appointment with him was in July 1985. Dr. Thomas argues that he had only a one-time duty to inform plaintiff of the cause of her suffering. He contends that this one-time duty arose on January 7, 1985, when he discovered the cause. Thus, Dr. Thomas argues that the running of the statute of limitations for the nondisclosure claim commenced on January 7, 1985, and ended on January 7, 1987.

The supreme court in *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987), held that, when the precise date of the specific breach or tort is ascertainable from the facts of the case, Article 4590i, section 10.01 requires the limitations period to run from the date of the breach or tort. Dr. Thomas relies upon the holding in *Kimball* to argue that the limitations period commenced on January 7, 1985. This argument is premised on the assumption that Dr. Thomas only had a duty to inform plaintiff of the cause of her suffering at the time he discovered the cause.

■ We agree that Dr. Thomas' duty to apprise plaintiff of the cause of her suffering arose when he discovered the radiation burns. However, we do not agree with Dr. Thomas' contention that his duty to disclose only existed on the day he diagnosed the cause of plaintiff's suffering. Dr. Thomas treated plaintiff for this condition from January 1985 to July 1985. We hold that Dr. Thomas had a continuing duty to apprise

---

1. Pursuant to TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(c) (Vernon Pamph.Supp.1993), the sending of proper notice tolls the statute of limitations on a health care liability claim for 75 days. Plaintiff complied with this provision by filing this suit within the 75–day period.

plaintiff of the cause of her suffering during the course of treatment.

Plaintiff testified that Dr. Thomas did not inform her that she had sustained radiation burns at any time while he treated her for that condition. Based on plaintiff's testimony, we must assume that Dr. Thomas breached his duty to disclose throughout the period of treatment. In *Kimball*, the supreme court stated that the provision in Article 4590i, section 10.01 that permits the limitations period to run "from the date the medical or health care treatment that is the subject of the claim ... is completed" contemplates a situation wherein the patient's injury occurs during a course of treatment for a particular condition and the only ascertainable date is the last day of treatment. Such a situation often arises in suits alleging misdiagnosis or mistreatment. See *Kimball v. Brothers*, supra at 372.

Because of the continuing nature of Dr. Thomas' alleged breach of duty, we hold that the last day of treatment is the only ascertainable date for determining when plaintiff's injuries occurred. Plaintiff sent notice to Dr. Thomas within two years of the last day of treatment by Dr. Thomas. The trial court erred in instructing a verdict in favor of Dr. Thomas. We sustain plaintiff's first point of error.

Dr. Schlichtemeier contends that he did not treat plaintiff for radiation burns after June 12, 1985. He asserts that he last treated plaintiff on June 11, 1985. Dr. Schlichtemeier conceded that he saw plaintiff on August 6, 1985, but he argues that he did not treat her on that date.

The record reflects that Dr. Schlichtemeier arranged for plaintiff to go to M.D. Anderson. Plaintiff testified that she saw Dr. Schlichtemeier on July 17, 1985, and on another occasion after August 6, 1985. On July 30, 1985, Dr. Schlichtemeier sent a letter to Dr. John Lore apologizing for plaintiff's failure to keep her appointment with Dr. Lore. On August 6, 1985, after she returned from M.D. Anderson, Dr. Schlichtemeier "examined" plaintiff's "anus" to check the status of the radiation burns. Dr. Schlichtemeier admitted that it was necessary to "spread the buttocks to see the anus,

and that's hands-on," as opposed to a mere "external look-see." Dr. Schlichtemeier testified that plaintiff received follow-up care through August 1985.

After considering all of the evidence in the light most favorable to plaintiff, the trial court erred in instructing a verdict in favor of Dr. Schlichtemeier. Plaintiff's second point of error is sustained.

Since we have held that material questions of fact were raised as to plaintiff's claims that the defendants negligently failed to tell her that she was suffering from radiation burns, it is not necessary to discuss the other matters urged by the parties. TEX.R.APP.P. 90(a).

The judgment of the trial court is reversed, and the cause is remanded for trial.