NO. 07-01-0054-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A


 

JANUARY 18, 2002



______________________________




SHAWNA LYN BORTH, APPELLANT



V.



JOHN C. KELLEHER, JR., M.D. AND



 PANHANDLE PLASTIC SURGERY, P.A., APPELLEES




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 87,370-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Proceeding pro se, Shawna Lyn Borth appeals the judgment of the trial court that
she take nothing against John C. Kelleher, Jr., M.D., and Panhandle Plastic Surgery, P.A.
(Kelleher) on her medical malpractice action. By four issues, Borth contends that (1) Texas
statutes, rules, and other authorities defining abandonment of a patient and fraudulent
concealment by a physician pertain to Kelleher and trump the two-year statute of
limitations; (2) the physician-patient relationship was not properly terminated because
Kelleher's services were not completed because he referred her to other doctors when she
was still having chronic sinus infections; (3) Kelleher's reply to Borth's Response to
Defendant's Motion for Summary Judgment and Brief in Support Thereof was not filed
three days prior to the hearing as required by the Texas Rules of Civil Procedure; and (4)
Plaintiff's Oral Deposition Transcript does not meet the same standards for admissibility
as evidence offered during a regular trial. Based on the rationale expressed herein, we
affirm the judgment of the trial court.

 On July 25, 1991, Kelleher, a plastic surgeon, performed a corrective
septorhinoplasty on Borth. Following the surgery, Borth had several postoperative visits
where she complained of sinus problems. Kelleher referred her to two ear, nose and throat
specialists and made his last consultation with her on January 3, 1994. However, after this
date, Borth did see other physicians for a variety of reasons. In October 1997, she
consulted Dr. Eisemann, also a plastic surgeon, because she was unhappy with the
surgery performed by Kelleher and was contemplating legal action; however, Eisemann
told Borth that he did not think that Kelleher did anything incorrectly and, in his opinion, the
surgery did not cause her nasal stuffiness or congestion. 

 In her deposition, Borth acknowledged that on March 11, 1993, she asked Kelleher:
"What did you do wrong? I was never sick before I had this surgery and now I'm sick all
the time." Then, on November 16, 1998, she filed her first medical malpractice suit.
Following a nonsuit of this action, Borth refiled the underlying suit March 23, 2000. 
Kelleher responded by filing a traditional motion for summary judgment, contending that
Borth's claims were barred by the statute of limitations. Before we consider her issue, we
first set forth the appropriate standard of review.

STANDARD OF REVIEW

 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.


 

For a party to prevail on a motion for summary judgment, he must conclusively establish
the absence of any genuine question of material fact and that he is entitled to judgment as
a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential
elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least
one essential element of the non-movant's cause of action. Randall's Food Markets, Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right
to summary judgment, the non-movant has the burden to respond to the motion for
summary judgment and present to the trial court any issues that would preclude summary
judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.
1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996,
writ denied). When a summary judgment does not specify or state the grounds relied on,
the summary judgment will be affirmed on appeal if any of the grounds presented in the
motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co.
of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no
writ). Issues which the non-movant contends preclude the granting of a summary
judgment must be expressly presented to the trial court by written answer or other written
response to the motion and not by mere reference to summary judgment evidence. 
McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not
expressly presented to the trial court in writing shall not be considered on appeal as
grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in
opposition to a motion for summary judgment must be presented in writing to the trial court. 
Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). Additionally, pleadings do not
constitute summary judgment proof. Clear Creek Basin Authority, 589 S.W.2d at 678. 

 Borth does not present a general issue complaining that the trial court erred in
granting summary judgment which would have allowed her to raise all possible grounds
upon which summary judgment should have been denied. See Malooly Brothers, Inc. v.
Napier, 461 S.W.2d 119, 121 (Tex. 1970). Instead, she presents four issues which do not
concisely state her contentions and state conclusions without addressing any specific error. 
See Tex. R. App. P. 38.1(e) and (h). However, because we are required to review briefs
liberally, Texas Rules of Appellate Procedure 38.9, we will first consider the issues of
fraudulent concealment and the statute of limitations.

 By her first and second issues, Borth contends that abandonment of a patient and
fraudulent concealment "trumps" the two year statute of limitations and that the physician
patient relationship was not terminated. We disagree. Medical malpractice actions are
governed by article 4590i of the Texas Revised Civil Statutes Annotated which provides
that a suit must be brought within two years of (1) the date the tort occurs; (2) the date the
healthcare treatment that is the subject of the claim ends; or (3) the date the hospitalization
for which the claim is made ends. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon
Supp. 2002). When the precise date of the negligence can be ascertained, limitations
begins to run on that date and subsequent treatment is immaterial. Husain v. Khatib, 964
S.W.2d 918, 919 (Tex. 1998). Therefore, termination of the physician patient relationship
is immaterial. See id. Here, Borth claims that her injuries occurred during the surgery on
July 25, 1991. Because the date of the tort was ascertainable, the period for limitations
began to run on that date and Borth was required to file suit by July 25, 1993 (1) unless she
could establish that the limitations period had been tolled. See Borderlon v. Peck, 661
S.W.2d 907, 909 (Tex. 1983). 

 Without alleging any specific act or omission of negligence, by her response to
Kelleher's traditional motion for summary judgment, Borth alleges that Kelleher fraudulently
concealed "the wrong." Although a physician owes a duty to disclose a negligent act or a
fact that an injury occurred, and a failure to make disclosure constitutes fraudulent
concealment, the estoppel effect ended when Borth learned of facts, conditions, or
circumstances that would have caused a reasonably prudent person to make inquiry,
which, if pursued, would lead to the discovery of the concealed cause of action. See
Thames v. Dennison, 821 S.W.2d 380, 384 (Tex.App.-Austin 1991, writ denied). Here,
Borth's testimony reveals that she knew of the alleged tort on March 11, 1993. In part, her
deposition testimony revealed the following:

* * *


 . . . when you look back at these medical records, is
that [March 11, 1993] when you believe that your sinus
problems began?



 Yes, I know for a fact it is because I told him on that
exact date, "What did you do wrong? I was never sick
before I had this surgery and now I'm sick all the time."



 You told Dr. Kelleher that?



 I told Dr. Kelleher that.



 On that date of March 11th of 1993?



 Yes.


* * *


 How long have you believed that he was negligent in
that surgery?



 On March 11th, I believe it was, 1993, when I told him
-when I asked him what he did wrong and he said he
didn't do anything wrong, I knew on that date that
something was wrong.



Borth cannot now claim that she did not know of her alleged cause of action after admitting
that she knew that something was wrong on March 11, 1993. See Velsicol Chemical Corp.
v. Winograd, 956 S.W.29 529, 531 (Tex. 1997). Even if the cause was fraudulently
concealed, limitations would no longer be tolled after the date that Borth knew a cause of
action existed, i.e. March 11, 1993. Id. Therefore, the statute of limitations ran, at the
latest, March 11, 1995. 

 Moreover, the plaintiff must show the healthcare provider (1) actually knew a wrong
occurred, (2) had a fixed purpose to conceal the wrong, and (3) did conceal the wrong from
the patient. Earle v. Ratliff, 998 S.W.2d 882, 888 (Tex. 1999). In order to defeat a statute
of limitations defense with fraudulent concealment, a plaintiff must raise a fact issue by
summary judgment evidence. Id. Borth presented no summary judgment evidence raising
a fact issue, and therefore the limitations period was not tolled and bars her claim. See id.
at 889. (2) Borth's first two issues are therefore overruled. 

 By her third issue, Borth contends that Kelleher's reply to her response to the motion
for summary judgment was untimely. We disagree. Issues not expressly presented to the
trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ.
P. 166a(c); Clear Creek Basin Authority, 589 S.W.2d at 677. Borth did not bring her
objection to the attention of the trial court and thus preserved nothing for review. See Tex.
R. App. P. 33.1; Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999). 
Issue three is overruled.

 By her fourth issue, Borth contends that her deposition transcript was not competent
summary judgment evidence. Prior to the summary judgment hearing, Borth filed a motion
to suppress her oral deposition. However, it is not apparent from the record if she
presented this motion to the trial court or obtained a ruling. Therefore, Borth failed to
preserve the error and the issue presents nothing for review. Tex. R. App. P. 33.1; Wal-Mart Stores, Inc., 997 S.W.2d at 280. Borth's fourth issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.
1. Borth's last visit with Kelleher was January 3, 1994. Even assuming arguendo that
the limitations period began on this date, her action would still be precluded on January 3,
1996.
2. This proposition has been recently stated in Shah v. Moss, 45 Tex. S. Ct. J. 247,
252-253, 2001 Tex. LEXIS 131 (December 20, 2001).



cked="false" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                             NO.
07-09-0196-CR

 

                                                    IN
THE COURT OF APPEALS

 

                                        FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                  AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           FEBRUARY
25, 2010

                                             ______________________________

 

                                                              RENE LONGORIA, 

 

Appellant

 

                                                                             v.

 

                                                         THE STATE OF TEXAS, 

 

Appellee

                                          _________________________________

 

                       FROM THE
364TH DISTRICT COURT OF LUBBOCK COUNTY;

 

                          NO.
2008-419,544; HON. JIM BOB DARNELL, PRESIDING

                                            _______________________________

 

Memorandum Opinion

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant
Rene Longoria appeals his conviction for aggravated robbery, a felony of the
first degree.  He contends that the trial
court erred in permitting the enhancement of his sentence via the use of a
purported state jail felony.  We affirm
the judgment.[1]









In 2004, appellant,
a juvenile at the time, was adjudicated as having engaged in delinquent conduct
and was committed to the Texas Youth Commission.  The conduct consisted of participating in
organized criminal activity involving the burglary of a vehicle.  Furthermore, a conviction for engaging in it
allegedly constituted a state jail felony. 
Such a felony may not be used to enhance the punishment
applicable to a subsequent felony. Tex. Penal Code Ann. §12.42(e) (Vernon
Supp. 2009); Fortier v. State, 105 S.W.3d 697, 701 (Tex. App.Amarillo
2003, pet. ref=d).  Yet, appellant believes such happened
here.  Whether that is true is not
something we address for the complaint was not preserved.

Appellants objection at trial was
two-fold.  First, he stated that he was
not afforded proper notice of the
States intent to use the prior adjudication for enhancement purposes.  Then he averred that Ait=s
not at all certain that the conviction which the State desires to introduce to
use for the purpose of enhancement met the proper requisites of Chapter 51 of
the Family Code, and that it - - I don=t believe
that it had the proper findings as required by the Family Code since it was a
juvenile conviction to be used in a subsequent 1st degree felony
prosecution.@ 
He then ended his objection by saying, [s]o on those grounds, Judge, we
would object to the inclusion of any enhancement in the punishment stage . . .
.[2]
As can be seen, none of those utterances mention the purported inability to use
a state jail felony for purposes of enhancing a subsequent felony.  Instead, they focused on the supposed lack of
prior notice or the status of the prior conviction, if any, as being one
involving a juvenile.  Consequently, the
substance of his objection at trial fails to comport with that asserted on
appeal; this, in turn, means that the matter was not preserved.  Pena v.
State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (requiring the substance
of the objection at trial to comport with that on appeal; otherwise the matter
is waived); see Harris v. State, 204 S.W.3d 19, 27 (Tex. App.Houston [14th
Dist.] 2006, pet. ref=d)
(stating that one may fail to preserve a complaint involving the enhancement of
his punishment by failing to object); Brown v. State, No. 02-08-037-CR,
2009 Tex. App. Lexis 2664 at *2-3
(Tex. App.Fort Worth April 9, 2009, no pet.) (not
designated for publication) (stating the same); Cody v. State, No.
05-06-01222-CR, 2007 Tex. App. Lexis 2764
at 8-9 (Tex. App.Dallas April 11, 2007, pet. ref=d) (not
designated for publication) (stating the same).[3]    

Accordingly, we overrule appellant=s
issue and affirm the judgment.

 

Brian Quinn 

Chief Justice 

Do not publish.

 

 

 

 

 











[1]Appellant describes his issue as questioning the trial
courts decision to deny his motion to strike the enhancement pleading.  We find no written motion to strike in the clerk=s
record.  However, an oral objection Ato the
enhancement notice@ was uttered at trial. 
We construe this objection to be the motion involved.     





[2]In
later referring to the objections during trial, he characterized them as
objections to the improper or untimely notice thereof.





[3]Aggravated robbery is a felony of the first degree and
carries a punishment of life or any term of not more than 99 years or less than
five years.  Tex. Penal Code Ann. '12.32(a) (Vernon Supp. 2009).  Here, appellant was sentenced to fifty years
imprisonment.  Because the sentence fell
within the lawful range, it cannot be said to be an illegal one. See Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App.
2003) (stating that a sentence that is outside the maximum or minimum range of
punishment is illegal, which relieves one from uttering a contemporaneous
objection to the sentence).  Thus,
appellant was obligated to preserve his complaint by contemporaneously
objecting and informing the trial court of all grounds upon which he intends to
rely.