NO. 07-01-0054-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 18, 2002

_____


SHAWNA LYN BORTH, APPELLANT

V.

JOHN C. KELLEHER, JR., M.D. AND

PANHANDLE PLASTIC SURGERY, P.A., APPELLEES

_____


FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 87,370-D; HONORABLE DON EMERSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Proceeding *pro se*, Shawna Lyn Borth appeals the judgment of the trial court that she take nothing against John C. Kelleher, Jr., M.D., and Panhandle Plastic Surgery, P.A. (Kelleher) on her medical malpractice action. By four issues, Borth contends that (1) Texas statutes, rules, and other authorities defining abandonment of a patient and fraudulent concealment by a physician pertain to Kelleher and trump the two-year statute of

limitations; (2) the physician-patient relationship was not properly terminated because Kelleher's services were not completed because he referred her to other doctors when she was still having chronic sinus infections; (3) Kelleher's reply to Borth's Response to Defendant's Motion for Summary Judgment and Brief in Support Thereof was not filed three days prior to the hearing as required by the Texas Rules of Civil Procedure; and (4) Plaintiff's Oral Deposition Transcript does not meet the same standards for admissibility as evidence offered during a regular trial. Based on the rationale expressed herein, we affirm the judgment of the trial court.

On July 25, 1991, Kelleher, a plastic surgeon, performed a corrective septorhinoplasty on Borth. Following the surgery, Borth had several postoperative visits where she complained of sinus problems. Kelleher referred her to two ear, nose and throat specialists and made his last consultation with her on January 3, 1994. However, after this date, Borth did see other physicians for a variety of reasons. In October 1997, she consulted Dr. Eisemann, also a plastic surgeon, because she was unhappy with the surgery performed by Kelleher and was contemplating legal action; however, Eisemann told Borth that he did not think that Kelleher did anything incorrectly and, in his opinion, the surgery did not cause her nasal stuffiness or congestion.

In her deposition, Borth acknowledged that on March 11, 1993, she asked Kelleher: "What did you do wrong? I was never sick before I had this surgery and now I'm sick all the time." Then, on November 16, 1998, she filed her first medical malpractice suit.

2

Following a nonsuit of this action, Borth refiled the underlying suit March 23, 2000. Kelleher responded by filing a traditional motion for summary judgment, contending that Borth's claims were barred by the statute of limitations. Before we consider her issue, we first set forth the appropriate standard of review.

## STANDARD OF REVIEW

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

> 1.  The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2.  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3.  Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for

3

summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). When a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). Additionally, pleadings do not constitute summary judgment proof. Clear Creek Basin Authority, 589 S.W.2d at 678.

Borth does not present a general issue complaining that the trial court erred in granting summary judgment which would have allowed her to raise all possible grounds upon which summary judgment should have been denied. See Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). Instead, she presents four issues which do not concisely state her contentions and state conclusions without addressing any specific error.

4

*See* Tex. R. App. P. 38.1(e) and (h). However, because we are required to review briefs liberally, Texas Rules of Appellate Procedure 38.9, we will first consider the issues of fraudulent concealment and the statute of limitations.

By her first and second issues, Borth contends that abandonment of a patient and fraudulent concealment "trumps" the two year statute of limitations and that the physician patient relationship was not terminated. We disagree. Medical malpractice actions are governed by article 4590i of the Texas Revised Civil Statutes Annotated which provides that a suit must be brought within two years of (1) the date the tort occurs; (2) the date the healthcare treatment that is the subject of the claim ends; or (3) the date the hospitalization for which the claim is made ends. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon Supp. 2002). When the precise date of the negligence can be ascertained, limitations begins to run on that date and subsequent treatment is immaterial. Husain v. Khatib, 964 S.W.2d 918, 919 (Tex. 1998). Therefore, termination of the physician patient relationship is immaterial. *See id.* Here, Borth claims that her injuries occurred during the surgery on July 25, 1991. Because the date of the tort was ascertainable, the period for limitations began to run on that date and Borth was required to file suit by July 25, 1993[1] unless she could establish that the limitations period had been tolled. *See* Borderlon v. Peck, 661 S.W.2d 907, 909 (Tex. 1983).

---

[1]Borth's last visit with Kelleher was January 3, 1994. Even assuming arguendo that the limitations period began on this date, her action would still be precluded on January 3, 1996.

Without alleging any specific act or omission of negligence, by her response to Kelleher's traditional motion for summary judgment, Borth alleges that Kelleher fraudulently concealed "the wrong." Although a physician owes a duty to disclose a negligent act or a fact that an injury occurred, and a failure to make disclosure constitutes fraudulent concealment, the estoppel effect ended when Borth learned of facts, conditions, or circumstances that would have caused a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of the concealed cause of action. *See* Thames v. Dennison, 821 S.W.2d 380, 384 (Tex.App.–Austin 1991, writ denied). Here, Borth's testimony reveals that she knew of the alleged tort on March 11, 1993. In part, her deposition testimony revealed the following:

\* \* \*

Q:  . . . when you look back at these medical records, is that [March 11, 1993] when you believe that your sinus problems began?

A:  Yes, I know for a fact it is because I told him on that exact date, "What did you do wrong? I was never sick before I had this surgery and now I'm sick all the time."

Q:  You told Dr. Kelleher that?

A:  I told Dr. Kelleher that.

Q:  On that date of March 11th of 1993?

A:  Yes.

\* \* \*

Q:  How long have you believed that he was negligent in that surgery?

6

A: On March 11th, I believe it was, 1993, when I told him –when I asked him what he did wrong and he said he didn't do anything wrong, I knew on that date that something was wrong.

Borth cannot now claim that she did not know of her alleged cause of action after admitting that she knew that something was wrong on March 11, 1993. *See* Velsicol Chemical Corp. v. Winograd, 956 S.W.29 529, 531 (Tex. 1997). Even if the cause was fraudulently concealed, limitations would no longer be tolled after the date that Borth knew a cause of action existed, *i.e.* March 11, 1993. *Id.* Therefore, the statute of limitations ran, at the latest, March 11, 1995.

Moreover, the plaintiff must show the healthcare provider (1) actually knew a wrong occurred, (2) had a fixed purpose to conceal the wrong, and (3) did conceal the wrong from the patient. Earle v. Ratliff, 998 S.W.2d 882, 888 (Tex. 1999). In order to defeat a statute of limitations defense with fraudulent concealment, a plaintiff must raise a fact issue by summary judgment evidence. *Id.* Borth presented no summary judgment evidence raising a fact issue, and therefore the limitations period was not tolled and bars her claim. *See id.* at 889.[2] Borth's first two issues are therefore overruled.

By her third issue, Borth contends that Kelleher's reply to her response to the motion for summary judgment was untimely. We disagree. Issues not expressly presented to the

---

[2]This proposition has been recently stated in Shah v. Moss, 45 Tex. S. Ct. J. 247, 252-253, 2001 Tex. LEXIS 131 (December 20, 2001).

trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c); *Clear Creek Basin Authority*, 589 S.W.2d at 677. Borth did not bring her objection to the attention of the trial court and thus preserved nothing for review. *See* Tex. R. App. P. 33.1; Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999). Issue three is overruled.

By her fourth issue, Borth contends that her deposition transcript was not competent summary judgment evidence. Prior to the summary judgment hearing, Borth filed a motion to suppress her oral deposition. However, it is not apparent from the record if she presented this motion to the trial court or obtained a ruling. Therefore, Borth failed to preserve the error and the issue presents nothing for review. Tex. R. App. P. 33.1; *Wal-Mart Stores, Inc.*, 997 S.W.2d at 280. Borth's fourth issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

8