**AFFIRM; Opinion Filed January 15, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01129-CV

**ALAN TARRANT, KRISTI TARRANT, AND BETHANY KENDRICK, Appellants**
**V.**
**BAYLOR SCOTT & WHITE MEDICAL CENTER-FRISCO, STEPHEN COURTNEY, M.D., EMINENT SPINE, LLC, AND MONITORING CONCEPTS MANAGEMENT, LLC, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-12792**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Evans
Opinion by Justice Carlyle

Appellants Alan Tarrant, Kristi Tarrant, and Bethany Kendrick asserted negligence and products liability claims against physician Stephen Courtney and three medical-related entities[1] (collectively, appellees). Appellees filed separate motions for summary judgment based on the statute of limitations, which the trial court granted. In a single issue on appeal, appellants contend the trial court erred by granting summary judgment because they raised fact issues regarding their "limitations defense" of fraudulent concealment.

We affirm in this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] Those entities are Baylor Scott & White Medical Center-Frisco (Baylor Frisco); Eminent Spine, LLC (Eminent Spine); and Monitoring Concepts Management, LLC (MCM). Appellees filed separate briefs in this court.

**Background**

Dr. Courtney is an orthopedic surgeon. He owns an interest in Baylor Frisco, a physician-owned hospital where he performs surgery; a fifty-percent share of Eminent Spine, an orthopedic device manufacturer; and an entity[2] that contracts with MCM, which provides neuromonitoring services to patients undergoing orthopedic surgery. Mr. Tarrant and Ms. Kendrick are former patients of Dr. Courtney.[3]

Dr. Courtney performed back surgery on Mr. Tarrant on October 29, 2010, December 13, 2010, and June 6, 2011, and on Ms. Kendrick on May 12, 2014. Those surgeries took place at Baylor Frisco and involved products and services of Eminent Spine and MCM. Both patients continued experiencing back pain and subsequently underwent additional surgery by other physicians within about a year after Dr. Courtney's surgeries.

On September 28, 2016, appellants filed this lawsuit, contending Dr. Courtney performed both patients' surgeries improperly and, without their knowledge, used inappropriate products and services in order to increase his profits. Specifically, they asserted Dr. Courtney negligently implanted Eminent Spine's "Python" orthopedic "fusion device" during their surgeries and arranged for "completely unnecessary" neuromonitoring by MCM. The petition also stated "[t]o the extent that any defendant pleads the defense of statute of limitations, Plaintiffs assert the equitable doctrine of fraudulent concealment" because "Defendants fraudulent[ly] concealed from Plaintiffs their wrongdoing and Plaintiffs did not discover the wrongdoing or could not have

---

[2] That entity, Texas Monitoring Group LLC, is not a party in this case.

[3] Ms. Tarrant is Mr. Tarrant's wife. She claims damages derived from his alleged injuries.

discovered the wrongdoing with reasonable diligence until after the statute of limitations asserted by Defendants."[4]

Appellees each filed separate traditional motions for summary judgment as to each patient, asserting that the applicable limitations period is, at most, two years and seventy-five days[5] and the fraudulent concealment doctrine does not apply. Thus, they contended, the Tarrants' claims were barred no later than August 20, 2013, and Ms. Kendrick's claims were barred by July 26, 2016. Following a hearing, the trial court allowed additional summary judgment briefing by both sides on the question of whether "the duty to disclose ceases to exist when the relationship ends." The trial court then signed separate orders granting each summary judgment motion without stating the basis for its rulings.

**The trial court's summary judgment**

We review the trial court's summary judgment de novo. *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). When reviewing a traditional summary judgment granted in the defendant's favor, we determine whether the defendant conclusively disproved at least one element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Beesley*, 358

---

[4] According to appellants,

> Courtney fraudulently concealed that (1) he was not following the FDA approval for the Python, (2) he owned Eminent Spine, (3) he was attempting a fusion, and (4) he received 40% of the neuromonitoring profits.
> Monitoring Concepts Management fraudulently concealed (1) that 40% of the profit from the neuromonitoring was going directly to Courtney, (2) the neuromonitoring was not necessary, and (3) they did not use medical doctors to monitor as required by state law.
> Baylor fraudulently concealed (1) its awareness of Courtney's ownership of Eminent Spine, (2) its failure to require Eminent Spine to go through the review process, (3) its failure to ignore [sic] the Office of the Inspector General's warnings of fraud and abuse with physician owned companies, and (4) profiting from up-sale of the Python.
> Eminent Spine fraudulently concealed (1) Courtney is the owner and CEO, (2) that the Python [is] not approved for use without supplemental fixation, (3) the approved use of the Python through their website by showing it without supplemental fixation, and (4) that Courtney is the only surgeon in the country using the Python.

[5] The length of the applicable limitations period is not in dispute in this appeal. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.003(a), 74.251(a).

S.W.3d at 418. The traditional summary judgment movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994). In deciding whether a disputed material fact issue exists precluding summary judgment, we must take evidence favorable to the non-movant as true and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Sysco Food Servs.*, 890 S.W.2d at 800. When the trial court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of the theories presented to the trial court are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

"Fraudulent concealment is the name given to the equitable doctrine that a defendant who conceals his wrongful conduct, either by failing to disclose it when under a duty to disclose or by lying about his conduct, is estopped to assert the statute of limitations." *Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 584 (Tex. App.—Dallas 1991, writ denied). The doctrine will estop a defendant from relying on an established limitations defense only until the fraud was discovered or could have been discovered with reasonable diligence. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 230 (Tex. 2015). The plaintiff has the burden to put forth proof to support the fraudulent concealment allegation. *Arabian Shield*, 808 S.W.2d at 584. The plaintiff must show (1) existence of the underlying tort, (2) the defendant's knowledge of the tort, (3) the defendant's use of deception to conceal the tort, and (4) the plaintiff's reasonable reliance on the deception. *Id.*

"Passive silence is enough to sustain a fraudulent concealment defense only if there is a duty of disclosure." *AT&T Corp. v. Rylander*, 2 S.W.3d 546, 556 (Tex. App.—Austin 1999, pet. denied); *accord Santanna Nat. Gas Corp. v. Hamon Operating Co.*, 954 S.W.2d 885, 890 (Tex. App.—Austin 1997, pet. denied). "Texas courts have held that although the physician–patient relationship gives rise to a fiduciary relationship, and thus the duty to make certain disclosures,

–4–

the doctor's duty ends when the physician–patient relationship ends." *Savage v. Psychiatric Inst. of Bedford, Inc.*, 965 S.W.2d 745, 754 (Tex. App.—Fort Worth 1998, pet. denied); *accord Willingham v. Schlichtemeier*, 864 S.W.2d 179, 182 (Tex. App.—Eastland 1993, writ denied); *Thames v. Dennison*, 821 S.W.2d 380, 384 (Tex. App.—Austin 1991, writ denied); *Quinn v. Nat'l Med. Enters., Inc.*, No. 05-98-01403-CV, 2001 WL 767562, at *6 (Tex. App.—Dallas July 10, 2001, no pet.) (not designated for publication) ("The appellee physicians, hospital, and other health care providers had no duty to disclose information once their relationship with appellants terminated.").

Here, although appellants assert each appellee concealed wrongs by "misrepresentation or silence," the record shows the complained-of "concealments" all involved alleged failures to disclose information and thus are all premised on appellees' silence. *See AT&T*, 2 S.W.3d at 557 (concluding party that "was not completely truthful . . . in that it failed to disclose all the necessary facts" engaged in "passive silence" rather than "affirmative misrepresentation" for fraudulent concealment purposes); *see also Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex. 1999) ("[P]roof of fraudulent concealment requires more than evidence that the physician failed to use ordinary care; it also requires evidence that the defendant actually knew the plaintiff was in fact wronged, and concealed that fact to deceive the plaintiff."). Appellants argue, with some logical force, that the "tolling" of limitations in a fraudulent concealment case involving silence by a physician and hospital does not end when the patient is discharged from the hospital or at the patient's last visit to a physician, but instead "runs until the plaintiff *discovers the fraud or reasonabl*[y] *could discover the fraud.*" This is so, they say, because limitations naturally runs from the date of last treatment, so fraudulent concealment estoppel provides no additional benefit to plaintiffs like them. Unfortunately, appellants cite no authority for that proposition and we have found none. When appellants' relationships with Dr. Courtney and Baylor Frisco terminated, so did those

health care providers' duty to disclose. *See Savage*, 965 S.W.2d at 754; *Willingham*, 864 S.W.2d at 182; *Thames*, 821 S.W.2d at 384; *Quinn*, 2001 WL 767562, at *6. Thus, the statute of limitations as to Dr. Courtney and Baylor Frisco began to run at that time.

According to the record, (1) both Tarrant and Kendrick were discharged from Baylor Frisco within three days after their surgeries; (2) Tarrant's last date of treatment by Dr. Courtney was June 9, 2011; and (3) Kendrick's last date of treatment by Dr. Courtney was May 27, 2014. Those dates are not within two years and seventy-five days of this case's September 28, 2016 filing date. Consequently, we conclude appellants' claims against Dr. Courtney and Baylor Frisco are barred by limitations.

Eminent Spine and MCM had no relationship with appellants that would give rise to a disclosure duty. *See AT&T*, 2 S.W.3d at 558 ("Generally, a duty of disclosure arises only when the parties have a special relationship of trust, such as attorney–client, doctor–patient, or other fiduciary relationship."). Appellants contend those entities' fraudulent concealments occurred through Dr. Courtney, but do not establish that termination of their relationship with Dr. Courtney did not also terminate any limitations tolling regarding Eminent Spine and MCM based on Dr. Courtney's alleged concealments. We conclude limitations barred appellants' claims against Eminent Spine and MCM for the same reasons described above.

Because the summary judgment evidence conclusively established appellees' statute of limitations defense, the trial court did not err by granting appellees' motions for summary judgment. We affirm the trial court's orders.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

181129F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALAN TARRANT, KRISTI TARRANT, AND BETHANY KENDRICK, Appellants

No. 05-18-01129-CV     V.

BAYLOR SCOTT & WHITE MEDICAL CENTER-FRISCO, STEPHEN COURTNEY, M.D., EMINENT SPINE, LLC, AND MONITORING CONCEPTS MANAGEMENT, LLC, Appellees

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-12792.
Opinion delivered by Justice Carlyle.
Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Baylor Scott & White Medical Center-Frisco, Stephen Courtney, M.D., Eminent Spine, LLC, and Monitoring Concepts Management, LLC recover their costs of this appeal from appellants Alan Tarrant, Kristi Tarrant, and Bethany Kendrick.

Judgment entered this 15th day of January, 2020.