**WAL–MART STORES, INC., et al., Petitioners,**

v.

**Jeremiah McKENZIE, Respondent.**

No. 98–1070.

Supreme Court of Texas.

Aug. 26, 1999.

J. Preston Wrotenbery, Kevin D. Jewell, Houston, for Petitioners.

M. Keith Dollahite, Tyler, James D. Hankins, Palestine, for Respondent.

PER CURIAM.

We overrule McKenzie's motion for rehearing. We withdraw our opinion dated July 1, 1999, and substitute the following in its place.

The issue in this wrongful discharge case is whether the defendants waived their complaint that only equitable remedies are available in an action under former article 5221k of the Texas Revised Civil Statutes [1] by not objecting to the submission of jury issues on compensatory and punitive damages. The court of appeals concluded that an objection to the charge is required to preserve the issue for appellate review. We hold, however, that the defendants timely challenged the availability of compensatory and punitive

---

1. *See* Act of 1983, 68th Leg., 1st C.S., ch. 7, § 7.01, 1983 Tex. Gen. Laws 37, *repealed by* Act of May 22, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 987(current version at Tex. Lab.Code § 21.251 *et seq.*).

damages in their written response to the plaintiff's motion for judgment on the verdict. Therefore, we reverse the judgment of the court of appeals and remand for consideration of the merits.

Jeremiah McKenzie managed the automotive department in a Wal–Mart store in Tyler, Texas. In March 1992, Wal–Mart terminated McKenzie, alleging that he used products from the store without paying for them. In February 1993, after filing complaints with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission, McKenzie sued Wal–Mart Stores, Inc., and one of its managers, Rick Rumfelt, for slander and for wrongful termination under former article 5221k [2] and former article 8307c of the Texas Revised Civil Statutes.[3] McKenzie claimed that Wal–Mart fired him in retaliation for instituting a worker's compensation claim and because he is African–American. While his suit was pending, McKenzie was hired at the Wal–Mart store in Palestine, Texas, where he had worked for several years before transferring to Tyler. One month after he was hired at Palestine, McKenzie was fired by the store manager when the regional manager learned he had been rehired there. McKenzie then amended his petition to include a charge of retaliatory discharge and altered the discrimination claim to allege a violation of the Texas Labor Code.[4] The jury found Wal–Mart[5] liable for wrongful discharge, awarding McKenzie $50,000 in back-pay, $10,000 for past mental anguish, $5,000 for past lost credit reputation, $250,000 in exemplary damages, and $141,975 in attorney's fees. The jury also found that Rumfelt slandered McKenzie and awarded $500 in damages.

McKenzie moved for judgment on the verdict. In a written response, the defendants asserted for the first time that former article 5221k, the controlling Texas discrimination statute at the time McKenzie was initially fired in 1992 and at the time he filed suit, authorizes only equitable relief and does not permit recovery for mental anguish, lost credit reputation, or

2. McKenzie actually cited to "VATS 55.21k," but we presume he intended to cite former article 5221k of the Texas Revised Civil Statutes, the controlling race discrimination statute at the time he filed suit. McKenzie also alleged that Wal–Mart's conduct violated the United States Constitution and the Texas Constitution.

3. *See* Act of May 7, 1971, 62nd Leg., R.S., ch. 115, 1971 Tex. Gen. Laws 884, *repealed by* Act of May 22, 1993, 73rd Leg., R.S., ch. 269, § 5(1), 1993 Tex. Gen. Laws 987, 1273 (current version at TEX. LAB.CODE § 451.002).

4. McKenzie did not refer to any particular statutory provision as a basis for his claims. He merely pled that Wal–Mart's discriminatory conduct violated "the United States Constitution, Texas Constitution, and the *Texas Labor Code.*" Former article 5221k was the controlling state discrimination statute at the time McKenzie was initially terminated and filed suit, but it was repealed effective September 1, 1993. At the time of the second termination, the controlling statute was TEX. LAB.CODE § 21.001 *et seq.*, which specifically authorizes recovery of compensatory and punitive damages as well as equitable remedies.

*See* TEX. LAB.CODE § 21.2585. Wal–Mart contends that article 5221k is the controlling statute in this case and that it does not permit recovery of compensatory and punitive damages. Although he never filed a complaint with the Texas Commission on Human Rights complaining about the second termination as required by §§ 21.201 and 21.202 of the Labor Code, McKenzie argues that TEX. LAB.CODE § 21.001 *et. seq.* controls by virtue of the second termination or, alternatively, that article 5221k controls, but should be construed to authorize recovery of compensatory and punitive damages. In addition, McKenzie maintains on appeal that compensatory and punitive damages are available under the federal discrimination statute and that he either pled a federal claim or it was tried by consent because Wal–Mart failed to object to the submission of evidence that Wal–Mart now argues is not relevant to a claim under article 5221k. Because the court of appeals did not reach the merits of this issue, we leave this issue for resolution by the court of appeals on remand.

5. The trial court granted the defendants' motion for instructed verdict on the discrimination claim against Rumfelt.

exemplary damages. After hearing argument on the motions, the trial court rendered judgment on the jury's verdict, awarding McKenzie all damages assessed by the jury plus prejudgment interest and court costs.[6] Wal–Mart and Rumfelt appealed. On rehearing, the court of appeals held that Wal–Mart waived any objection to the compensatory and punitive damage awards because it failed to object to the submission of the damages issues to the jury. We disagree.

■ To preserve a complaint for appellate review, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefore, and obtain a ruling. *See* Tex.R.App. P. 52(a), *superseded* September 1, 1997 (current version at Tex.R.App. P. 33.1(a)). Whether a particular remedy is available under a statute is a question of law for the court. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989) (statutory construction is a question of law). Accordingly, the jury's findings are immaterial to the ultimate issue of whether compensatory and punitive damages are available under former article 5221k as a matter of law. Wal–Mart's response to McKenzie's motion for judgment on the verdict was timely and sufficiently specific to give the trial court an opportunity to resolve the legal issue before rendering judgment. *See Holland v. Wal–Mart Stores, Inc.*, —— S.W.2d ——, 1999 WL 450681 (Tex.1999).

■ McKenzie maintains, however, that Wal–Mart should have sought to resolve the legal issue before the trial court submitted the case to the jury because he could have then amended his pleadings to state a claim under federal law, which has

specifically authorized recovery of compensatory and punitive damages since 1991. *See* 42 U.S.C. § 1981a ("Title VII"). According to McKenzie, his pleadings were broad enough to invoke a Title VII claim; he satisfied all administrative prerequisites to filing a claim under federal law; evidence of compensatory and punitive damages was offered without objection; and the jury questions on damages were consistent with federal law.

The right to file an amended pleading is governed by Rules 63 and 66 of the Texas Rules of Civil Procedure. *See* Tex.R. Civ. P. 63 (governing pleading amendments) & 66 (governing trial amendments). Although each rule provides a different standard for obtaining court approval to amend pleadings, neither rule makes a distinction between pre-verdict and post-verdict amendments. Therefore, even assuming the validity of McKenzie's statements, we note that the timing of Wal–Mart's legal challenge did not affect the standards under which the court would determine whether McKenzie could have amended his pleadings to assert his federal claim. *See* Tex.R. Civ. P. 63 & 66; *see also Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex.1990) (trial court did not abuse its discretion by allowing a post-verdict amendment to conform pleadings to the evidence). Thus, McKenzie's claim that the timing of Wal–Mart's objection left him without recourse to cure any pleading defect is without merit.[7]

Accordingly, we hold the court of appeals erred in concluding that Wal–Mart waived error in the award of compensatory and punitive damages, and without hearing

6. After the trial court rendered judgment, the defendants reasserted the nonrecoverability argument in a combined motion for judgment notwithstanding the verdict and for new trial.

7. We are aware that McKenzie also maintains that the compensatory and punitive damages awards should be affirmed because those damages are authorized by Title VII and he either pled a federal cause of action or the federal claim was tried by consent. Our dis-

cussion of any "pleading defect" is strictly limited to the issue of whether McKenzie was prejudiced by the timing of Wal–Mart's challenge to the availability of compensatory and punitive damages under former article 5221k. Our discussion should not be interpreted as a comment on the merits of McKenzie's claim that the damages may be sustained under alternate legal theories.

oral argument,[8] we reverse the court of appeals' judgment and remand to that court the merits of Wal–Mart's claims.

Justice BAKER did not participate in the decision.