# NO. 12-08-00305-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: UNION ENERGY, INC.,* | § | |
| *GULF EXPLORATION, INC. AND* | § | *ORIGINAL PROCEEDING* |
| *MC2 RESOURCES, LLC, RELATORS* | § | |

---

### *MEMORANDUM OPINION*

Union Energy, Inc., Gulf Exploration, Inc., and MC2 Resources, LLC (collectively "Relators") filed a petition for writ of mandamus challenging the trial court's July 3, 2008 order compelling Union Energy, Inc. to produce its stock register to the real parties in interest, Five Star Explorations, Inc., M. Dewayne Varnadore, Alan K. Jasper, and James J. Fischer (collectively "Real Parties").[1] We deny the petition.

### BACKGROUND

Real Parties filed suit against Relators in Smith County, Texas seeking damages under various legal theories, including breach of contract, fraud, negligent misrepresentation, alter ego, and vicarious liability. Following Relators' answer to the suit, Real Parties served Relators with a request for production of documents and tangible items. Among the items sought by way of Real Parties' request for production was Union Energy, Inc.'s stock register.[2] Relators objected to Request Number 7 because, among other reasons, the request impermissibly invaded "personal, constitutional, or property rights."

---

[1] The respondent is the Honorable Jack Skeen, Jr., Judge of the 241st Judicial District Court, Smith County, Texas.

[2] The request in question is, at times, hereinafter referred to as "Request Number 7."

Thereafter, Real Parties filed a motion to compel production of the stock register. Relators responded, arguing that the discovery request invaded Union Energy, Inc.'s shareholders' privacy interests pursuant to Texas Rule of Civil Procedure 192.6(b) because the disclosure of the identities of those owning interests in privately held entities would make such persons subject to solicitation by both Real Parties and the public at large. Relators further relied on the affidavit of Randall May, in which he stated, in pertinent part, as follows:

1. "My name is Randall May. I am over the age of twenty-one years, and I am fully competent to make this Affidavit. I have personal knowledge of each statement set forth herein, and each such statement is true and correct.

2. "Union Energy, Inc. is a privately owned entity. It is of great importance to Union Energy and its stockholders that the stockholders' identities remain confidential. Union Energy takes affirmative steps to protect the confidentiality of its stock registers, stock ledgers, stock certificates, list of shareholders, and the information contained therein.

3. "Union Energy would not disclose its stock registers, stock ledgers, stock certificates, or any list of shareholders to any person who is not an officer, director or shareholder of the company. In fact, this information has never been disclosed to any person other than Lane McNamara, myself, and our attorneys. The stock registers, stock ledgers, stock certificates and shareholder lists are kept in a secure place and not accessible to persons not entitled to view them. Since 2003 they have been kept under lock and key in a filing cabinet and were not removed until this dispute arose.

4. "While MC2 Resources, LLC and Shamrock Oil & Gas, Inc. each have one shareholder, respectively Lane McNamara and myself, Union Energy has multiple shareholders. No single person owns a controlling share in Union Energy. Other than Lane McNamara and myself, none of the other shareholders are investors in any other entity involved in this case. As these shareholders are current and possibly future investors, it is vital to Union Energy to keep their identifying information secret from the world at large, and especially from those individuals and entities, such as the Plaintiffs, who are its direct competitors. As persons who can provide working capital and needed infusions of cash into our business, this list of investors gives Union Energy a competitive advantage in its field which would be destroyed by forcing the disclosure of their identities. Forcing the disclosure of Union Energy's stock registers, stock ledgers, stock certificates or any other document containing the identity of the shareholders would do just that."

Following a hearing on Real Parties' motion to compel, the trial court entered an order compelling Union Energy to produce its stock register to Real Parties. The Relators subsequently filed this petition for writ of mandamus as well as a motion for emergency relief, in which they requested that we stay all proceedings pending our resolution of their petition for writ of mandamus.

We granted the motion and issued the stay.

## AVAILABILITY OF MANDAMUS

Mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). The trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Id.*

Generally, privileged matters are not discoverable. *West v. Solito*, 563 S.W.2d 240, 243 (Tex. 1978). If the trial court errs in ordering that privileged material be disclosed, there is no adequate remedy at law because once the privileged information is revealed, the documents can no longer be protected. *See Walker*, 827 S.W.2d at 843.

## ASSERTING THE TRADE SECRET PRIVILEGE

In their petition, Relators first contend that the trial court abused its discretion by compelling Union Energy, Inc. to produce its stock register over their objection that such a document was a privileged trade secret. Real Parties respond that Relators failed to assert the trade secret privilege in the trial court.

### Trade Secret

A trade secret is "any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it." *In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003). The Texas Rules of Evidence set forth the trade secret privilege as follows:

> A person has a privilege, which may be claimed by the person or the person's agent or employee, to refuse to disclose and to prevent other persons from disclosing a trade secret owned by the person, if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice. When disclosure is directed, the judge shall take such protective measure as the interests of the holder of the privilege and of the parties and the furtherance of justice may require.

TEX. R. EVID. 507.

3

**Asserting a Privilege**

The party seeking protection of information  by a claim of privilege has the burden to plead and prove the applicable privilege.  *See **In re BP Products North America, Inc.***, No. 01-06-00679-CV, 2006 WL 2973037, at *4 (Tex. App.–Houston [1st Dist.] Oct. 13, 2006, orig. proceeding); ***In re Nance***, 143 S.W.3d 506, 510 (Tex. App.–Austin 2004, orig. proceeding).  There is no presumption that documents are privileged. ***In re BP Products North America, Inc.,*** 2006 WL 2973037, at *4.  To meet its burden, the party claiming the privilege must first assert the privilege. *See **id.***  Asserting a privilege is governed by Texas Rule of Civil Procedure 193.3. ***Id.***; *but see* TEX. R. CIV. P. 192.6(a), 193.2(f); *see also **In re Monsanto Co.***, 998 S.W.2d 917, 926 (Tex. App.–Waco 1999, orig. proceeding) (explaining that asserting privilege and providing proof to support privilege are distinct concepts).

In the instant case, in their response to Real Parties' request for production of documents, Relators made no claim of privilege.  Rather, Relators objected that the request sought documents that were not relevant and not reasonably calculated to lead to the discovery of admissible evidence and, further, that the discovery requested "invades the personal, constitutional, or property rights of Defendants which is impermissible under TEX. R. CIV. P. 192.6(b)."  Further, Relators made no written statement that any item responsive to Request Number 7 was privileged nor did they make any written statement claiming any specific privilege or that any documents were withheld on the grounds of any privilege. *See, e.g.,* TEX. R. CIV. P. 192.6(a), 193.2(f), 193.3(a).  Real Parties never pointed out Union Energy's error, *see* TEX. R. CIV. P. 193.2(f), nor did they request a privilege log.[3] *See* TEX. R. CIV. P. 193.3(b).

Thereafter, Real Parties filed a motion to compel.  There is no indication in Real Parties' motion to compel that they were aware that Relators were asserting any privilege with regard to Request Number 7, much less that they were aware that Relators were contending that the stock register in question constituted a trade secret.  In their written response to Real Parties' motion to compel, Relators stated, in pertinent part, as follows:

---

[3]  It is not unusual that Real Parties declined to take either of these actions because Relators had not made any assertion of privilege at this point in time.

[P]laintiff's discovery request invades defendants' shareholders' privacy interests[ ] because it would require defendants to publicly disclose the identities of those owning interests in privately-held entities. Defendants' shareholders are highly concerned about disclosure of their identities. This information would not only be available for plaintiff to use to harass defendants' shareholders, but also for any member of the public to solicit after reviewing the information in the Court's records. Therefore, the Court should sustain Defendants' objection that the disclosure of such information would include Defendants' personal rights under TEX. R. CIV. P. 192.6(b).

Subsequently, Relators filed the May affidavit. In his affidavit, May testified regarding the importance to Union Energy and its stockholders that the stockholders' identities remain confidential. May further outlined the steps taken to secure Union Energy's stockholders' identities. Moreover, May related that such a list of investors gives Union Energy a competitive advantage in its field, which would be destroyed by forcing the disclosure of such investors' identities.

Thereafter, the trial court conducted a hearing on Real Parties' motion to compel. At the hearing, neither party uttered the words "privilege" or "trade secret." Real Parties proceeded to argue against Relators' 192.6(b) objection as follows:

The defendants have alleged some type of statutory or constitutional rights of privacy. I've researched the issues, [and] there's no authority citing that. I've researched or I've found no authority that there's a constitutional right of privacy in a stock register, that's a document that's owned by a corporation. I'm not even sure a corporation has that kind of right of privacy. It's not an individual personal right.

And second, Judge, the only evidence that they've offered on the stock register is they're concerned that because our clients compete in the oil and gas industry, that my clients are going to then contact those shareholders and try to enlist them or solicit their investment in oil and gas deals.

Relators responded that the redacted stock ledger they provided Real Parties at the outset of the hearing would be sufficient to not only provide Real Parties the sufficient evidence they sought in support of their alter ego argument, but also would "protect [Relators'] interests in the privacy of their shareholders that provide them a competitive advantage of other investors that they could have for other [potential] oil and gas ventures." Relators further stated that they had an interest in maintaining the privacy of that information because "Union Energy is a privately held corporation."

Based on our review of the record before us in this proceeding, we conclude that Relators' objections in response to Real Parties' request for production of documents did not, even in the most general sense, amount to an assertion of a privilege. Moreover, the record contains no assertion of privilege comporting to Rule 193.3. Further still, Relators made no argument in their response to

5

Real Parties' motion to compel with regard to a trade secret privilege. May's affidavit arguably tracks some of the Restatement factors for determining the existence of a trade secret.[4] Even assuming arguendo that a privilege could be asserted in such a manner, we again note that Relators had the burden both to assert and prove any privilege they sought to claim. May's affidavit testimony fails to specifically assert any privilege.

Finally, even if we were to assume that the assertion of privilege could be made for the first time at the hearing on Real Parties' motion to compel, the record must still reflect that Relators satisfied Texas Rule of Appellate Procedure 33.1 in the trial court by asserting the specific privilege they seek to raise in this original proceeding. *See, e.g., In re Nance*, 143 S.W.3d at 510; *In re Highland Pines Nursing Home, Ltd.*, No. 12-03-00050-CV, 2003 WL 22682356, at *6 (Tex. App.–Tyler Nov. 13, 2003, orig. proceeding) (mem. op.). Under Rule 33.1, to preserve a complaint for appellate review, a party must present the matter to the trial court, state the specific grounds therefor, and obtain a ruling. *See* TEX. R. APP. P. 33.1(a); *Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999). The purpose of the requirement of specificity is to ensure that the trial court has the opportunity to rule on the issue. *See In re Shaw*, 966 S.W.2d 174, 182 (Tex. App.–El Paso 1998, no pet.).

Here, in response to Real Parties' argument, Relators contended to the trial court that preventing discovery of the stock register would "protect [Relators'] interests in the privacy of their shareholders that provide them a competitive advantage of other investors that they could have for other [potential] oil and gas ventures." Relators further stated that they had an interest in maintaining the privacy of that information because "Union Energy is a privately held corporation." While Relators referred to a "competitive advantage," which is among the basic components considered in the analysis of the question of whether a compilation of information constitutes a trade secret, the record of the hearing as a whole does not indicate that such a reference by Relators was sufficient to convey Relators' desire, if any, to assert such a privilege to the trial court. Indeed, every indication from Real Parties at the trial court is that they were arguing against the general assertion of invasion of personal, constitutional, or property rights under Rule 192.6(b) that Relators asserted

---

[4] *See* RESTATEMENT OF TORTS § 757 cmt. B (1939); *In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003).

6

both in response to Request Number 7 and in response to Real Parties' motion to compel. Moreover, the trial court made no statements indicating that it understood Relators were asserting the stock register was a privileged trade secret.

Because the entirety of the record before us does not support that Relators asserted the trade secret privilege as required by the Rules of Civil Procedure or, alternatively, with the level of specificity required pursuant to Texas Rule of Appellate Procedure 33.1, Relators are not entitled to argue in this proceeding that the trial court abused its discretion on such grounds.

**Tailoring Disclosure**

Additionally, as part of their argument that the stock register sought by Real Parties is a trade secret, Relators argue that, at a minimum, the trial court should have restricted disclosure of the stock register to Real Parties' counsel or otherwise redacted the trade secret information. In ***In re Continental Gen. Tire, Inc.***, 979 S.W.2d 609 (Tex. 1998), the court outlined the trial court's duties in its application of Texas Rule of Evidence 507 as follows:

> First, the party resisting discovery must establish that the information is a trade secret. The burden then shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claims. If the requesting party meets this burden, the trial court should ordinarily compel disclosure of the information, subject to an appropriate protective order.

*Id.* at 613; *see also* TEX. R. EVID. 507.

In the case at hand, we have concluded that the record before us does not support that Relators asserted the trade secret privilege as required by the Rules of Civil Procedure or, alternatively, with the level of specificity required pursuant to Texas Rule of Appellate Procedure 33.1. Therefore, the trial court was not required to restrict or redact the discovery it compelled.

## PERSONAL, CONSTITUTIONAL, OR PROPERTY RIGHTS

Relators next contend that the trial court abused its discretion in granting Real Parties' motion to compel because Relators were entitled to a protective order shielding Union Energy's stock register from discovery pursuant to Rule 192.6(b). Rule 192.6(b) states, in pertinent part, as follows:

> (b) *Order.* To protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, the court may make any order

7

in the interest of justice and may–among other things–order that:

(1) the requested discovery not be sought in whole or in part....

TEX. R. CIV. P. 192.6(a)(b)(1).

Relators cite *In re Temple-Inland, Inc.*, 8 S.W.3d 459 (Tex. App.– Beaumont 2000, orig. proceeding) in support of their proposition that nonparties to a lawsuit have privacy interests at stake, including being free from harassment and annoyance.[5] In *In re Temple-Inland, Inc.*, a party to the suit sought to discover a list containing the names of nonparties to the litigation who had been barred from entering onto the relators' property. *Id.* at 460, 463. These nonparty individuals were alleged to have engaged in criminal behavior and embarrassing conduct. *Id.* at 462. Further, some of these individuals allegedly had sustained work related injuries on the premises. *Id.* The trial court determined that the list containing the identities of these nonparties should be protected under Rule 192.6(b). *Id.* at 462–63.

In the case at hand, unlike the list containing the identities of "unwitting third parties"sought in *In re Temple-Inland, Inc.*, *see id.* at 463, Real Parties sought to discover a list of stockholders of a party to this suit. Privacy is not attached to stockholder status in Texas. *See* TEX. GOVT. CODE ANN. § 411.109(a)(3) (Vernon 2005) (The State Comptroller may obtain criminal history record information on a stockholder who owns 10% or more of a corporation.); *see also* TEX. BUS. & COM. CODE ANN. § 41.153(4)(B) (Vernon 2002) (Names, addresses and titles of stockholders owning more than 20% of stock shares must be revealed in certain business sales). As such, Relators have failed to demonstrate that the information sought is protected under Rule 192.6(b).

## CONCLUSION

Based upon our review of the record, the materials submitted by the parties, and applicable law, we hold that the trial court did not abuse its discretion in granting Real Parties' motion to compel production of Union Energy's stock register. Therefore, we deny Relators' petition for writ of mandamus and lift the stay imposed by our order dated July 22, 2008.

---

[5] Relators do not specifically reference any constitutional or property rights in support of their contention.

8

                                                    JAMES T. WORTHEN
                                                       Chief Justice


Opinion delivered October 31, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


                              (PUBLISH)