NO. 07-08-0462-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 11, 2009

_____

MEREDITH LEE WILKINS, SR., APPELLANT

V.

MEREDITH LEE WILKINS, JR. AND HEATHER WILKINS, APPELLEES
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 96,794-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Meredith Lee Wilkins, Sr. (father), an inmate of the Texas Department of Criminal Justice appearing *pro se*, sued his son, Meredith Lee Wilkins, Jr. (son) and his son's wife, Heather Wilkins (daughter-in-law), for damages arising from their alleged breach of fiduciary duty.   Son and daughter-in-law, residents of Pennsylvania, made a special appearance according to Rule of Civil Procedure 120a challenging the personal jurisdiction

of the trial court.[1]  The trial court sustained the special appearance and dismissed the case.  Father appeals through three issues.  We will affirm the judgment of the trial court.

## Background

In a petition made on unsworn declaration,[2] father averred that son and daughter-in-law breached an unspecified fiduciary duty arising from a power of attorney he executed appointing son "to act as AGENT of [father] pertaining to financial matters, such as paying bills, taxes, etc." (capitalization in original).  According to father, the actionable conduct of son and daughter-in-law[3] included son's sale of father's house, contrary to the intention of father.  There were also allegations son mismanaged the house prior to sale.  A check drawn on a Kentucky bank and representing proceeds from the sale of father's house was endorsed by son as father's attorney-in-fact.  Father alleged son and daughter-in-law wrongfully used a portion of the proceeds for personal interests.  He asserted son and daughter-in-law made unauthorized withdrawals by check and ATM from his bank account.  Finally, father alleged son and daughter-in-law made unauthorized charges to father's credit card accounts.

---

[1]  Tex. R. Civ. P. 120a.

[2] A jail or prison inmate may use an unsworn declaration in lieu of a verification or affidavit.  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-132.003 (Vernon 2005).

[3] From his petition, it appears father alleges liability of daughter-in-law arising from direct and conspiratorial acts.  On the sufficiency of father's petition, we express no opinion.

Son and daughter-in-law filed a Rule 120a motion.  Attached to the pleading were affidavits wherein son and daughter-in-law averred they were residents of Pennsylvania and for the period 2003 to the date of their affidavits resided first in West Virginia, then in Georgia, and finally in Pennsylvania.  Son and daughter-in-law further averred that father's house was located in Kentucky and checks were written and credit card charges made in West Virginia, Georgia, and Pennsylvania.  Son stated he was a resident of West Virginia when he became father's attorney-in-fact and performed duties in that capacity from his residence which was never in Texas.  Son and daughter-in-law do not maintain a registered agent in Texas and have no business in the state.  They have no employees, servants, or agents in Texas.

In two unsworn documents, father responded to the Rule 120a motion.  He contended son and daughter-in-law engaged in business in Texas by writing checks as his agent on his account at a Texas bank.

The trial court sustained the special appearance of son and daughter-in-law and dismissed the case.  Although the order recites that all parties appeared in person, there is no reporter's record or other indication that the trial court conducted a hearing.  Findings of fact and conclusions of law were not requested nor were they filed by the trial court. This appeal followed.

Analysis

Through his first issue father contends the trial court possessed personal jurisdiction of son and daughter-in-law and through his third issue he asserts the Texas long-arm

3

statute applies to the case. We interpret these issues as a collective challenge of the trial court's ruling on the Rule 120a motion of son and daughter-in-law. *See* Tex. R. App. P. 38.9. We will discuss issues one and three jointly.

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law. *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 790-91 (Tex. 2005); *American Type Culture Collection v. Coleman,* 83 S.W.3d 801, 805-06 (Tex. 2002)*; BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex. 2002). An appellate court, therefore, reviews the trial court's determination of a Rule 120a motion *de novo. Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 574 (Tex. 2007). However, it is often necessary for the trial court to resolve questions of fact before deciding the question of jurisdiction. *Marchand,* 83 S.W.3d at 794. If the trial court did not issue findings of fact and conclusions of law supporting its order granting or denying a special appearance, an appellate court will presume the trial court resolved all disputed facts in favor of its judgment.[4] *See American Type Culture Collection,* 83 S.W.3d at 806.

The plaintiff must allege facts that, if true, would make a nonresident defendant subject to the personal jurisdiction of a Texas court. *Paramount Pipe & Supply Co. v. Muhr,* 749 S.W.2d 491, 496 (Tex. 1988). Thus the initial burden is on the plaintiff to sufficiently allege facts bringing the nonresident defendant within the Texas long-arm

---

[4] When, as here, the trial court rules on a Rule 120a motion on submission and the appellant files a clerk's record, even in the absence of findings of fact and conclusions of law, the appellant may challenge the legal and factual sufficiency of the evidence supporting the trial court's implicit findings. *Cf. Marchand,* 83 S.W.3d at 795 (implicit findings may be challenged in the absence of findings of fact and conclusions of law if record includes reporter's record and clerk's record).

statute. *American Type Culture Collection,* 83 S.W.3d at 806; *see* Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 2008). This, however, is a minimal pleading requirement which is satisfied by an allegation that the nonresident defendant is doing business in Texas. *Huynh v. Nguyen,* 180 S.W.3d 608, 619-20 (Tex.App.–Houston [14th Dist.] 2005, no pet.); *see Perna v. Hogan,* 162 S.W.3d 648, 652-53 (Tex.App.–Houston [14th Dist.] 2005, no pet.) (indicating pleading requirement can be satisfied by alleging nonresident defendant is doing business in Texas or nonresident defendant committed an act in Texas).

It is the burden of the nonresident defendant to negate all bases of jurisdiction alleged in the plaintiff's petition. *Moki Mac,* 221 S.W.3d at 574; *Marchand,* 83 S.W.3d at 793. Texas courts may assert personal jurisdiction over a nonresident defendant if authorized by the long-arm statute and the exercise of jurisdiction is consistent with federal due process guarantees. *Moki Mac,* 221 S.W.3d at 574. The long-arm statute authorizes the exercise of jurisdiction by a Texas court over a nonresident defendant that "does business" in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 2008). The statute presents a non-exhaustive list of activities constituting "doing business." *Marchand,* 83 S.W.3d at 795. In part, the statute provides that a nonresident does business in Texas if it "commits a tort in whole or in part in this state." Tex. Civ. Prac. & Rem. Code Ann. § 17.042(2) (Vernon 2008). The broad statutory language has been held to extend the personal jurisdiction of a Texas court "'as far as the federal constitutional requirements of due process will permit.'" *Marchand,* 83 S.W.3d at 795 (*quoting U-Anchor Adver., Inc. v*

*Burt,* 553 S.W.2d 760, 762 (Tex. 1977)); *Bryant v. Roblee,* 153 S.W.3d 626, 629 (Tex.App.–Amarillo 2004, no pet.).

Because of the breadth of the long-arm statute, our analysis focuses on whether the acts of son and daughter-in-law bring them within the personal jurisdiction of the Texas trial court according to the requirements of due process. *See Moki Mac,* 221 S.W.3d at 575. The Due Process Clause of the Fourteenth Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S. Ct. 2174, 2181-82, 85 L. Ed. 2d 528 (1985) (internal quotation marks omitted). Exercise of personal jurisdiction over a nonresident defendant is proper under the Due Process Clause if the nonresident defendant establishes sufficient minimum contacts with the forum state, and the forum state's assertion of personal jurisdiction over the nonresident defendant comports with "traditional notions of fair play and substantial justice." *Marchand,* 83 S.W.3d at 795 (*citing international Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

"The minimum-contacts analysis requires that a defendant 'purposefully avail' itself of the privilege of conducting activities within Texas, thus invoking the benefits and protections of our laws." *American Type Culture Collection,* 83 S.W.3d at 806 (*citing Burger King,* 471 U.S. at 475, 105 S. Ct. at 2183). It is said "'purposeful availment'" is the touchstone of jurisdictional due process. *Michiana,* 168 S.W.3d at 784. Determining "purposeful availment" requires a three-part inquiry:

6

First, only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person. Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated. . . . Finally, the defendant must seek some benefit, advantage or profit by availing itself of the jurisdiction.

*Moki Mac,* 221 S.W.3d at 575. "The defendant's activities, whether they consist of direct acts within Texas or conduct outside Texas, must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court." *American Type Culture Collection,* 83 S.W.3d at 806 (*citing World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 568, 62 L.Ed.2d 490 (1980)).[5]

A nonresident defendant's contacts with the forum state may give rise to either general jurisdiction or specific jurisdiction. *Moki Mac,* 221 S.W.3d at 575; *Bryant,* 153 S.W.3d at 629. General jurisdiction arises from continuous and systematic contacts with the forum, whether or not the defendant's alleged liability arises from those contacts. *Id.* Specific jurisdiction exists when a defendant purposefully avails itself of conducting activities in the forum state and the cause of action arises from or is related to those contacts or activities. *Retamco Operating, Inc. v. Republic Drilling Co.,* 278 S.W.3d 333, 338 (Tex. 2009); *Moki Mac,* 221 S.W.3d at 576; *Dowdy v. Miller,* 122 S.W.3d 816, 820

---

[5] However, "purposeful availment alone will not support an exercise of specific jurisdiction." *Moki Mac,* 221 S.W.3d at 579. Rather, it must also be found that "the defendant's liability arises from or relates to the forum contacts." *Id.* The standard in such an analysis requires a "substantial connection between [the defendant's forum] contacts and the operative facts of the litigation." *Id.* at 585. The court, therefore, considers the claims involved in the litigation to determine the operative facts.

7

(Tex.App.–Amarillo 2003, no pet.). *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 1872 n.8, 80 L.Ed.2d 404 (1984)).

Here there is no allegation of general or specific jurisdiction by father. And the trial court granted appellees' special appearance without issuing findings of fact and conclusions of law. Son and daughter-in-law have no place of business in Texas, have no registered agent, employees, servants, or agents in Texas, and handle matters under the power of attorney from a residence outside of Texas. This absence of "continuous and systematic" contacts with Texas means the trial court could not exercise general jurisdiction over son and daughter-in-law. Rather, if personal jurisdiction attached in this case it must be based on specific jurisdiction.

Father's unilateral act of signing a document designating son his attorney-in-fact does not direct our due process analysis. Our concern is with the activities son and daughter-in-law purposefully directed toward Texas. *See Burger King,* 471 U.S. at 478-79, 105 S.Ct. at 2185 (contract alone does not establish sufficient minimum contacts; rather, it is "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing–that must be evaluated"); *Dowdy,* 122 S.W.3d at 822.

Father broadly alleged in his petition that all of the conduct giving rise to his breach of fiduciary duty claim occurred in Potter County, Texas. Significantly, however, father did not dispute son's averment that he performed all duties for his father outside of Texas.

8

The trial court's resolution of that factual dispute in favor of appellees is supported by the record.

On the limited record the parties developed in the trial court, we find the parties' course of dealing under the power of attorney insufficient to convince that son and daughter-in-law purposefully availed themselves of the privilege of conducting activities within Texas so as to satisfy the minimum contacts requirement for exercise of personal jurisdiction over them by a Texas court. Father's assertion that the bank from which son improperly withdrew funds by check and ATM was a Texas bank does not alter our conclusion. Having found the record does not show appellees' purposeful availment, it is unnecessary to consider whether a substantial connection existed between their contacts with Texas and the operative facts underlying father's alleged injury. *See Moki Mac,* 221 S.W.3d at 584-85. Further, In the absence of a finding of sufficient minimum contacts to satisfy the strictures of due process, it is also unnecessary to consider whether an assertion of personal jurisdiction by the Texas trial court over son and daughter-in-law would comport with traditional notions of fair play and substantial justice. *See Guardian Royal Exch. Assur., Ltd. v English China Clays, P.L.C.,* 815 S.W.2d 226, 228 (Tex. 1991) (*citing Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184). We overrule father's first and third issues.

By his second issue, father asserts counsel for son and daughter-in-law and the judge of the trial court engaged in an unspecified and improper *ex parte* communication. Appellees note in their brief that the trial court disposed of their special appearance by

9

submission without hearing. And the record does not indicate otherwise. Moreover, the record contains no indication that father called this alleged error to the trial court's attention and obtained a ruling.

Preservation of a complaint for review on appeal requires a party present a timely request, motion, or objection to the trial court that states the specific grounds for the ruling requested and conforms to the requirements of the Rules of Procedure and Evidence. *See Wal-Mart Stores, Inc. v. McKenzie,* 997 S.W.2d 278, 280 (Tex. 1999); Tex. R. App. P. 33.1(a)(1)(A)-(B). The complaining party must also show that the trial court ruled on the request, objection, or motion "either expressly or impliedly" or refused to rule and the party objected to the refusal. Tex. R. App. P. 33.1(a)(2)(A)-(B). Because father did not preserve error, nothing is presented for our review. We, accordingly, overrule father's second issue.

Conclusion

Having overruled father's three issues, we affirm the judgment of the trial court.


James T. Campbell
Justice

10