ACCEPTED
 13-14-00436-CV
 FILED THIRTEENTH COURT OF APPEALS
IN THE 13TH COURT OF APPEALS CORPUS CHRISTI, TEXAS
 CORPUS CHRISTI 1/6/2015 4:17:06 PM
 DORIAN RAMIREZ
 01/06/15 CLERK

DORIAN E. RAMIREZ, CLERK NO. 13-14-436-CV
BY mquilantan
 __________________________________________________________________
 RECEIVED IN
 13th COURT OF APPEALS
 IN THE COURT OF APPEALS
 CORPUS CHRISTI/EDINBURG, TEXAS
 FOR THE THIRTEENTH DISTRICT1/6/2015 4:17:06 PM
 AT CORPUS CHRISTI, TEXAS DORIAN E. RAMIREZ
 Clerk

 GUADALUPE FLORES, ERNESTO FLORES, BLANCA FLORES,
 ROSALINDA MAGAÑA, ARTURO FLORES, MARIA FLORES, JUAN
 FLORES and FERNANDO FLORES AS REPRESENTATIVES OF THE
 ESTATE OF ELIA G. FLORES
 Appellant,
 v.
 MEDLINE INDUSTRY, INC.
 Appellee

 Original Proceeding Arising Out of the
 th
 197 Judicial District Court, Cameron County, Texas
 Cause No. 2014-DCL-05722-C
 Honorable Migdalia Lopez

 APPELLANTS’ REPLY BRIEF

 JORGE L. GOMEZ
 STATE BAR NO. 00793825
 GOMEZ LAW FIRM
 9894 Bissonnet, Suite 905
 Houston, Texas 77036
 Telephone: (713) 868-5528
 Facsimile: (713) 868-4159

 ORAL ARGUMENT REQUESTED

 1
 IDENTITY OF PARTIES AND COUNSEL

Appellants/Plaintiffs

GUADALUPE FLORES
ERNESTO FLORES,
BLANCA FLORES,
ROSALINDA MAGAÑA,
ARTURO FLORES,
MARIA FLORES,
JUAN FLORES and
FERNANDO FLORES
REPRESENTATIVES OF THE ESTATE OF ELIA G. FLORES

Counsel for Appellants

JORGE L. GOMEZ
STATE BAR NO. 00793825
GOMEZ LAW FIRM
9894 Bissonnet, Suite 905
Houston, TX 77036
Telephone: (713) 868-5528
Facsimile: (713) 868-4159

Appellees/Defendants

Medline Industries, Inc.

Counsels for Appellees

Jason Wagner
State Bar. No. 00795704
WAGNER, SAENZ, DORITY, L.L.P.
3700 Buffalo Speedway
Suite 610
Houston, TX 77098
Telephone: (713) 554-8450
Facsimile: (713) 554-8451

 2
 TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ……………………………………...2

TABLE OF CONTENTS ………………………………………………………….3

INDEX OF AUTHORITIES ………………………………………………………4

ARGUMENT ……..………………………………………….…………………….5

A. The Terms Within the Settlement Agreement Pertaining to Future Litigation

 have a Plain Meaning ……………………….……………...……….............5

B. Flores’ Filed Motions on the Breach of Contract are Sufficient to Allow this

 Court to Review and Render Judgment ……...…..………………………….7

PRAYER FOR RELIEF…………………………..………………………..............9

CERTIFICATE OF SERVICE ………………..………………………………….10

 3
 INDEX OF AUTHORITIES

CASES

Amedisys, Inc. v. Kingwood Home Health Care, L.L.C.,
 437 S.W.3d 507 (Tex. 2014)………………………………………………...6

Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.,
 249 S.W.3d 380, 387 (Tex. 2008)…………………………………………...8

Heritage Resources, Inc. v. Nations Bank,
 939 S.W.2d 118, 121 (Tex. 1996)…………………………………………...5

R & P Enterprises v. LaGuarta, Gavrel & Kirk,
 596 S.W.2d 517, 518 (Tex. 1980)…………………………………………...5

Phillips v. Inexco Oil Co.,
 540 S.W.2d 546, 548 (Tex. Civ. App.-Tyler 1976, writ ref’d n.r.e)………...6

Wal-Mart Store, Inc. v. McKenzie,
 997 S.W.2d 278 (Tex. 1999)………………………………………………...8

STATUTES

Tex. R. App. P. 33.1…………………………..........................................................7

Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2014)...................................9

 4
TO THE HONORABLE COURT OF APPEALS:

 ARGUMENT

 A. The Terms Within the Settlement Agreement Pertaining to Future
 Litigation have a Plain Meaning

 When interpreting contracts, Texas courts have held that “we give terms

their plain, ordinary, and generally accepted meaning unless the instrument shows

that the parties used them in a technical or different sense.” Heritage Resources,

Inc. v. Nations Bank, 939 S.W.2d 118, 121 (Tex. 1996). Also, “we enforce an

unambiguous agreement as written. Id. “Simply put, we cannot change the contract

merely because we or one of the parties comes to dislike its provisions or thinks

that something else is needed in it.” Id.

 In the Settlement Agreement, the parties agree to “settle all claims and

causes of action…which the parties have or may have arising out of the transaction

or occurrence which is the subject of this litigation.” Courts have stated that “The

primary concern of a court interpreting a contract is to ascertain and give effect to

the intentions of the parties as expressed in the instrument.” R & P Enterprises v.

LaGuarta, Gavrel & Kirk, 596 S.W.2d 517, 518 (Tex. 1980). “The objective, not

subjective, intent of the parties controls the construction of their agreement.”

 5
Phillips v. Inexco Oil Co., 540 S.W.2d 546, 548 (Tex. Civ. App.-Tyler 1976, writ

ref’d n.r.e).

 When reading this statement plainly, and objectively analyzing the parties’

intents, it appears that the parties are trying to settle and end the possibility of any

and all litigation that could arise. This includes any post judgment litigation or

appeals that Flores may have had. If Medline meant, or understood, these terms to

mean anything else, they offered no objective manifestations of such.

 In attempting to argue the materiality of the granting of their Motion for

Summary Judgment on the products liability cause of action (hereinafter “Products

MSJ”) , Medline argues against what is obviously the plain meaning of the

aforementioned terms. They cite to Amedisys, Inc. v. Kingwood Home Health

Care, L.L.C., 437 S.W.3d 507 (Tex. 2014), and state that the Texas Supreme

Court has stated that this language pertains specifically to future litigation relating

to additional claims that could have been- but were not –brought by a party as a

result of the underlying injury. (Appellee Br. at 7). Despite the fact that Medline is

grossly misapplying the Texas Supreme Court’s ruling, requesting the court to

apply this interpretation to unambiguous terms within the settlement undermines

the very purpose of the agreement.

 6
 Furthermore, in an effort to uphold their end of the agreement as it pertained

to ending all litigation, Flores did not file any motion for reconsideration, motion

for new trial, or notice of appeal. In fact, the only litigation that has ensued since

the settlement has been as a result of Medline’s failure to uphold their end of the s

agreement. As for Medline’s assertion that Flores has not triggered Medline’s

obligations because they have not provided the necessary paperwork, in light of

Medline’s immediate attempt to rescind, that is a moot argument.

 B. Flores’ Filed Motions on the Breach of Contract Issue Are Sufficient to
 Allow this Court to Review and Render Judgment

 In order to preserve a complaint for review on appeal, the record must show

that the complaint was made to the trial court by a timely request, objection, or

motion that: (A) stated the grounds for the ruling that the complaining party sought

from the trial court with sufficient specificity to make the trial court aware of the

complaint, unless the specific grounds were apparent from the context; and (2) in

compliance with the Texas Rules of Civil Procedure. Tex. R. App. P. 33.1. The

complaining party must then show that the trial court ruled on the request,

objection, or motion “either expressly or impliedly.” Tex. R. App. P. 33.1

(a)(2)(A).

 Medline argues based on this statute that because Appellant never made any

motion for summary judgment at the trial level to prevail on their breach of
 7
contract cause of action, the breach of contract complaint should not be considered

by this Court. This, however, is an incorrect assertion.

 In analyzing other court cases addressing this particular statute, it is clear

that a motion for summary judgment is not the only means of preserving a

complaint for review on appeal. In Wal-Mart Store, Inc. v. McKenzie, 997 S.W.2d

278 (Tex. 1999), the court questioned whether the defendants, Wal-Mart, waived

their complaint that only equitable remedies are available by not objecting to the

submission of jury issues on compensatory and punitive damages. Following the

trial and the jury’s ruling, the plaintiff, McKenzie, moved for judgment on the

verdict, and Wal-Mart responded. The Court found that Wal-Mart’s response was

timely and sufficiently specific enough to give the trial court an opportunity to

resolve the legal issue before rendering. The Court has further explained that “an

objection must be clear enough to give the trial court an opportunity to correct the

asserted error.” Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd., 249

S.W.3d 380, 387 (Tex. 2008). Beginning with the amended petition, Flores’

complaint and argument concerning breach of contract was very clearly presented

to the trial court. (C.R. at 37). It was clear that Flores is, and was, objecting to

Medline’s attempt to rescind the settlement agreement, and arguing that it was a

breach of contract to do so. This assertion was further reiterated in Flores’ Motion

 8
to Enforce Settlement and Response to Medline’s Motion to Rescind. (Supp. C.R.

at 4). The trial court clearly ruled on the objection/ motion by granting Medline’s

Motion for Summary Judgment against the breach of contract issue, and by

allowing them to rescind the settlement agreement. As such, the breach of contract

was preserved for appellate review.

 PRAYER FOR RELIEF

 WHEREFORE, PREMISES CONSIDERED, Flores respectfully prays that

the orders granting Medline’s Motion for Summary Judgment and denying Flores’

Motion for Reconsideration of Its Motion to Enforce Settlement be reversed and

the court render judgment, in whole or in part, in favor of Flores’ claims to enforce

settlement against Medline. Flores further prays that this court award reasonable

and necessary attorney’s fees pursuant to Texas Civil Practice and Remedies Code

§ 38.001(8), and for such other and further relief to which it may be entitled.

 9